**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Second Floor
Roseland, New Jersey 07068
(973) 622-1800
Anthony Sodono, III (asodono@msbnj.com)
Sari B. Placona (splacona@msbnj.com)
*Counsel for Daryl Fred Heller*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>DARYL FRED HELLER,<br><br>        Debtor. | Chapter 11<br><br>Case No. 25-11354 (JNP) |
| PRESTIGE FUND A, LLC, *et al.*<br><br>        Plaintiffs,<br>v.<br><br>DARYL HELLER and HELLER CAPITAL GROUP, LLC,<br><br>        Defendants. | Adv. Pro. No.<br><br>**Removed from:**<br>IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PA<br><br>CASE NO. CI-25-00491 |

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that Daryl Fred Heller, the Chapter 11 debtor and debtor-in-possession (the "Debtor"), in the bankruptcy case pending before the United States Bankruptcy Court for the District of New Jersey, by and through its counsel McManimon, Scotland & Baumann, LLC, hereby respectfully removes the above-captioned action *Prestige Fund A, LLC; Prestige Fund A II, LLC; Prestige Fund A IV, LLC; Prestige Fund A V, LLC; Prestige Fund A VI, LLC; Prestige Fund A VII, LLC; Prestige Fund A IX, LLC; Prestige Fund B, LLC; Prestige Fund B II, LLC; Prestige Fund B IV, LLC; Prestige Fund B V, LLC; Prestige Fund B VI, LLC; Prestige Fund B VII, LLC; Prestige Fund B BTM I, LLC; Prestige Fund D, LLC; Prestige Fund D III, LLC; Prestige Fund D IV, LLC; Prestige Fund D V, LLC; Prestige Fund D VI, LLC; Prestige Fund D BTM I, LLC; WF Velocity I, LLC; WF Velocity Fund IV, LLC; WF Velocity Fund V, LLC; WF Velocity Fund VI, LLC; and WF*

*Velocity Fund VII, LLC v. Daryl Heller and Heller Capital Group, LLC,*, Case No. CI-25-00491, (the "PA Action") and all claims and causes of action therein, from the Court of Common Pleas of Lancaster County, PA, to the United States Bankruptcy Court for the District of New Jersey, pursuant to Title 28 of the United States Code, Sections 1334(b) and 1452(a), Federal Rule of Bankruptcy Procedure 9027 and Local Rule of Bankruptcy Procedure 9027-1(a). The Debtor respectfully states as follows:

## BACKGROUND

1. On January 24, 2025, Prestige Fund A, LLC; Prestige Fund A II, LLC; Prestige Fund A IV, LLC; Prestige Fund A V, LLC; Prestige Fund A VI, LLC; Prestige Fund A VII, LLC; Prestige Fund A IX, LLC; Prestige Fund B, LLC; Prestige Fund B II, LLC; Prestige Fund B IV, LLC; Prestige Fund B V, LLC; Prestige Fund B VI, LLC; Prestige Fund B VII, LLC; Prestige Fund B BTM I, LLC; Prestige Fund D, LLC; Prestige Fund D III, LLC; Prestige Fund D IV, LLC; Prestige Fund D V, LLC; Prestige Fund D VI, LLC; Prestige Fund D BTM I, LLC; WF Velocity I, LLC; WF Velocity Fund IV, LLC; WF Velocity Fund V, LLC; WF Velocity Fund VI, LLC; and WF Velocity Fund VII, LLC (the "Plaintiffs") filed a Complaint commencing the PA Action against the Debtor and Heller Capital Group, LLC, (collectively, the "Defendants") in the Court of Common Pleas of Lancaster County, PA.

## BASIS FOR REMOVAL

2. Removal of the PA Action is proper under Title 28 of the United States Code, Sections 1334(b) and 1452(a), Federal Rule of Bankruptcy Procedure ("Bankruptcy Rules") 9027 and Local Rule of Bankruptcy Procedure 9027-1(a) because the PA Action directly relates to claims against the Debtor and the value of certain unliquidated claims.

3. Under 28 U.S.C. § 1452, "[a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district

4915-3982-4942, v. 1

where such civil action is pending, if such district court has jurisdiction of such claim or cause or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

4. Pursuant to 11 U.S.C. § 1334(b), "[e]xcept as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

5. Further, Local Rule of Bankruptcy Procedural 9027-1(a) provides that "a party wishing to remove a claim or cause of action from a state or other federal court to the Bankruptcy Court shall file a "Notice of Removal" with the Clerk of the Bankruptcy Court.

6. In the present matter, the PA Action is "related to" Debtor's bankruptcy proceeding because, as noted, the PA Action directly affects the claim in this bankruptcy case as well as the body of unsecured creditors in any plan.

7. Therefore, given that issues arising under the PA Action directly relate to the Debtor's bankruptcy proceeding, there is a jurisdictional basis for removal to this Court.

**WHEREFORE,** the Debtor submits that the PA Action is properly removed and is now properly before the United States District Court for the District of New Jersey pursuant to Title 28 of the United States Code, Sections 1334(b) and 1452(a), Federal Rule of Bankruptcy Procedure 9027 and Local Rule of Bankruptcy Procedure 9027-1(a).

Respectfully,

**McMANIMON, SCOTLAND
& BAUMANN, LLC**
*Counsel for Daryl Fred Heller, the Chapter 11 Debtor and Debtor-in-Possession*

By: ___*/s/ Sari B. Placona*___
Sari B. Placona

Dated: March 25, 2025