| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **McMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Second Floor<br>Roseland, New Jersey 07068<br>(973) 622-1800<br>Anthony Sodono, III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Counsel to Daryl Fred Heller,*<br>*Chapter 11 Debtor and Debtor-in-Possession* |

| | |
|---|---|
| In re:<br><br>DARYL FRED HELLER,<br><br>     Debtor. | Chapter 11<br><br>Case No. 25-11354 (JNP) |
| PRESTIGE FUND A, LLC *et al.*<br><br>     Plaintiffs,<br><br>v.<br><br>DARYL HELLER AND HELLER CAPITAL<br>GROUP, LLC<br><br>     Defendants. | Adv. Pro. 25-01128 (JNP) |

## DARYL HELLER'S ANSWER,
## AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

   Defendant Daryl Heller ("Heller"), by and through his attorneys, McManimon, Scotland &

Baumann, LLC, herby submits his Answer, Affirmative Defenses, and Counterclaims (the

"Answer") to the Complaint (the "Complaint")[1] filed by Plaintiffs Prestige Fund A, LLC; Prestige

Fund A II, LLC; Prestige Fund A IV, LLC; Prestige Fund A V, LLC; Prestige Fund A VI, LLC;

Prestige Fund A VII, LLC; Prestige Fund A IX, LLC; Prestige Fund B, LLC; Prestige Fund B II, LLC;

Prestige Fund B IV, LLC; Prestige Fund B V, LLC; Prestige Fund B VI, LLC; Prestige Fund B VII,

---

[1] Undefined capitalized terms used herein shall have the same meaning as ascribed in the Complaint.

LLC; Prestige Fund B BTM I, LLC; Prestige Fund D, LLC; Prestige Fund D III, LLC; Prestige Fund D IV, LLC; Prestige Fund D V, LLC; Prestige Fund D VI, LLC; Prestige Fund D BTM I, LLC; WF Velocity I, LLC; WF Velocity Fund IV, LLC; WF Velocity Fund V, LLC; WF Velocity Fund VI, LLC; and WF Velocity Fund VII, LLC (collectively, the "Plaintiffs"). Heller respectfully submits as follows:

## PRELIMINARY STATEMENT

1.      To the extent Plaintiffs allege in Paragraph 1 of the Complaint that Heller instituted a widescale fraudulent scheme of the sale and operation of ATM units owned by the Plaintiffs, Heller denies this allegation and leaves the Plaintiffs to their proofs. To the extent Paragraph 1 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

2.      To the extent Plaintiffs allege in Paragraph 2 of the Complaint that  Heller instituted a scheme for the purchase and operation of well-over 30,000 ATMs, Heller denies this allegation and leaves the Plaintiffs to their proofs. To the extent Paragraph 2 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

3.      To the extent Plaintiffs allege in Paragraph 3 of the Complaint that Heller made countless fraudulent representations to the Plaintiffs and their investors regarding the ATMs purchased, the operation of those ATMs, the viability of the Plaintiff's investments, and the profits being earned, Heller denies these allegations and leaves the Plaintiffs to their proofs. To the extent Paragraph 3 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

4.      To the extent Plaintiffs allege in Paragraph 4 of the Complaint that Heller made fraudulent representations about an alleged business scheme, which induced the Plaintiffs to enter the

MSA with Paramount from 2020 through 2023, Heller denies this allegation and leaves the Plaintiffs to their proofs. To the extent Paragraph 4 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

5.      Heller neither admits nor denies the allegations contained in Paragraph 5 of the Complaint as it constitutes a legal conclusion to which no response is required and leaves Plaintiffs to their proofs.

6.      Heller neither admits nor denies the allegations contained in Paragraph 6 of the Complaint as it constitutes a legal conclusion to which no response is required and leaves Plaintiffs to their proofs.

7.      To the extent Plaintiffs allege in Paragraph 7 of the Complaint that certain contempt proceedings revealed Heller's alleged fraud, Heller denies this allegation. To the extent Paragraph 7 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

8.      To the extent Plaintiffs allege in Paragraph 8 of the Complaint that certain ATMs Plaintiffs purchased from Heller either (i) never existed, (ii) were purchased but stayed in a warehouse, or (iii) were sold to more than one entity, and/or (iv) were not purchased outright, Heller denies these allegations. To the extent Paragraph 8 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs

9.      To the extent Plaintiffs allege in Paragraph 9 of the Complaint that Heller transferred money from Paramount to HCG with the intent to defraud Plaintiffs, Heller denies these allegations. To the extent Paragraph 9 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

3

10.     To the extent Plaintiffs allege in Paragraph 10 of the Complaint that Heller conducted years of fraudulent scheming and stolen investments, and defrauded Plaintiffs, Heller denies these allegations. To the extent Paragraph 10 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

## **PARTIES**

11.     Heller neither admits nor denies the statement in Paragraph 11 of the Complaint and leave Plaintiffs to their proofs.

12.     Heller neither admits nor denies the statement in Paragraph 12 of the Complaint and leave Plaintiffs to their proofs.

13.     Heller neither admits nor denies the statement in Paragraph 13 of the Complaint and leave Plaintiffs to their proofs.

14.     Heller neither admits nor denies the statement in Paragraph 14 of the Complaint and leave Plaintiffs to their proofs.

15.     Heller neither admits nor denies the statement in Paragraph 15 of the Complaint and leave Plaintiffs to their proofs.

16.     Heller neither admits nor denies the statement in Paragraph 16 of the Complaint and leave Plaintiffs to their proofs.

17.     Heller neither admits nor denies the statement in Paragraph 17 of the Complaint and leave Plaintiffs to their proofs.

18.     Heller neither admits nor denies the statement in Paragraph 18 of the Complaint and leave Plaintiffs to their proofs.

19.     Heller neither admits nor denies the statement in Paragraph 19 of the Complaint and leave Plaintiffs to their proofs.

20.     Heller neither admits nor denies the statement in Paragraph 20 of the Complaint and leave Plaintiffs to their proofs.

21.     Heller neither admits nor denies the statement in Paragraph 21 of the Complaint and leave Plaintiffs to their proofs.

22.     Heller neither admits nor denies the statement in Paragraph 22 of the Complaint and leave Plaintiffs to their proofs.

23.     Heller neither admits nor denies the statement in Paragraph 23 of the Complaint and leave Plaintiffs to their proofs.

24.     Heller neither admits nor denies the statement in Paragraph 24 of the Complaint and leave Plaintiffs to their proofs.

25.     Heller neither admits nor denies the statement in Paragraph 25 of the Complaint and leave Plaintiffs to their proofs.

26.     Heller neither admits nor denies the statement in Paragraph 26 of the Complaint and leave Plaintiffs to their proofs.

27.     Heller neither admits nor denies the statement in Paragraph 27 of the Complaint and leave Plaintiffs to their proofs.

28.     Heller neither admits nor denies the statement in Paragraph 28 of the Complaint and leave Plaintiffs to their proofs.

29.     Heller neither admits nor denies the statement in Paragraph 29 of the Complaint and leave Plaintiffs to their proofs.

30.     Heller neither admits nor denies the statement in Paragraph 30 of the Complaint and leave Plaintiffs to their proofs.

31.     Heller neither admits nor denies the statement in Paragraph 31 of the Complaint and leave Plaintiffs to their proofs.

32.     Heller neither admits nor denies the statement in Paragraph 32 of the Complaint and leave Plaintiffs to their proofs.

33.     Heller neither admits nor denies the statement in Paragraph 33 of the Complaint and leave Plaintiffs to their proofs.

34.     Heller neither admits nor denies the statement in Paragraph 34 of the Complaint and leave Plaintiffs to their proofs.

35.     Heller neither admits nor denies the statement in Paragraph 35 of the Complaint and leave Plaintiffs to their proofs.

36.     Heller neither admits nor denies the statement in Paragraph 36 of the Complaint and leave Plaintiffs to their proofs.

37.     Heller neither admits nor denies the statement in Paragraph 37 of the Complaint and leave Plaintiffs to their proofs.

38.     Admit.

39.     Heller neither admits nor denies the statement in Paragraph 39 of the Complaint and leave Plaintiffs to their proofs.

## JURISDICTION AND VENUE

40.     Heller neither admits nor denies the statement contained in Paragraph 40 of the Complaint as it constitutes a legal conclusion to which no response is required and leaves Plaintiffs to their proofs.

41.      Heller neither admits nor denies the statement contained in Paragraph 41 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

## FACTS

**A.      Heller's Business Pitch**

42.      Heller neither admits nor denies the allegations in Paragraph 42 and leave Plaintiffs to their proofs.

43.      Heller neither admits nor denies the allegations in Paragraph 43 and leave Plaintiffs to their proofs.

44.      Heller neither admits nor denies the allegations in Paragraph 44 and leave Plaintiffs to their proofs.

45.      Heller neither admits nor denies the allegations in Paragraph 45 and leave Plaintiffs to their proofs.

46.      Heller neither admits nor denies the allegations in Paragraph 46 and leave Plaintiffs to their proofs.

47.      Heller neither admits nor denies the allegations in Paragraph 47 and leave Plaintiffs to their proofs.

48.      Heller neither admits nor denies the allegations in Paragraph 48 and leave Plaintiffs to their proofs.

49.      Heller neither admits nor denies the allegations in Paragraph 49 and leave Plaintiffs to their proofs. To the extent Paragraph 49 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

50.    Heller neither admits nor denies the allegations in Paragraph 50 and leave Plaintiffs to their proofs. To the extent Paragraph 50 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

51.    Heller neither admits nor denies the allegations in Paragraph 51 and leave Plaintiffs to their proofs. To the extent Paragraph 51 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

52.    Heller neither admits nor denies the allegations in Paragraph 52 and leave Plaintiffs to their proofs. To the extent Paragraph 52 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

53.    Heller neither admits nor denies the allegations in Paragraph 53 and leave Plaintiffs to their proofs. To the extent Paragraph 53 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

54.    Heller neither admits nor denies the allegations in Paragraph 54 of the Complaint and leave Plaintiffs to their proofs. To the extent Paragraph 54 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

55.    Heller neither admits nor denies the allegations in Paragraph 55 of the Complaint and leave Plaintiffs to their proofs. To the extent Paragraph 55 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

**B.** **The MSAs and Breach of the MSAs**

56.    Heller neither admits nor denies the allegations in Paragraph 56 of the Complaint and leave Plaintiffs to their proofs. To the extent Paragraph 56 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

57.     Heller neither admits nor denies the allegations in Paragraph 57 of the Complaint and leave Plaintiffs to their proofs. To the extent Paragraph 57 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

58.     Heller neither admits nor denies the allegations in Paragraph 58 of the Complaint and leave Plaintiffs to their proofs. To the extent Paragraph 58 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

59.     Heller neither admits nor denies the allegations in Paragraph 59 of the Complaint and leave Plaintiffs to their proofs. To the extent Paragraph 59 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

60.     To the extent Plaintiffs allege in Paragraph 60 of the Complaint that Heller provided bills of sale for purchases in 2023 that did not reflect sufficient ATMs purchased based on the amount invested by the Funds, Heller denies this allegation and leave the Plaintiffs to their proofs. To the extent Paragraph 60 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

61.     Heller neither admits nor denies the allegations in Paragraph 61 of the Complaint and leave Plaintiffs to their proofs. To the extent Paragraph 61 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

62.     Heller neither admits nor denies the allegations in Paragraph 62 of the Complaint and leaves Plaintiffs to their proofs. To the extent Paragraph 62 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

63.     Heller neither admits nor denies the allegations in Paragraph 63 of the Complaint as it constitutes legal conclusions to which no response is required and leaves the Plaintiffs to their proofs.

64. Heller neither admits nor denies the allegations in Paragraph 64 of the Complaint as it constitutes legal conclusions to which no response is required and leaves the Plaintiffs to their proofs.

65. Heller neither admits nor denies the allegations in Paragraph 65 of the Complaint and leaves Plaintiffs to their proofs. To the extent Paragraph 65 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leave Plaintiffs to their proofs.

66. Heller neither admits nor denies the allegations in Paragraph 66 of the Complaint and leaves Plaintiffs to their proofs. To the extent Paragraph 66 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leave Plaintiffs to their proofs.

67. Heller neither admits nor denies the allegations in Paragraph 67 of the Complaint and leaves Plaintiffs to their proofs.

68. Heller neither admits nor denies the allegations in Paragraph 68 of the Complaint and leaves Plaintiffs to their proofs.

69. Heller neither admits nor denies the allegations in Paragraph 69 of the Complaint and leaves Plaintiffs to their proofs. To the extent Paragraph 69 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies.

70. To the extent Plaintiffs allege in Paragraph 70 of the Complaint that Heller made statements that he knew not to be true, Heller denies this allegation and leaves the Plaintiffs to their proofs. To the extent Paragraph 70 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

71. To the extent Plaintiffs allege in Paragraph 71 of the Complaint that  Heller made statements that he knew not to be true, Heller denies this allegation and leaves the Plaintiffs to their

proofs. To the extent Paragraph 71 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

72.     To the extent Plaintiffs allege in Paragraph 72 of the Complaint that  Heller used new investments to pay prior monthly obligations, Heller denies this allegation and leave the Plaintiffs to their proofs. To the extent Paragraph 72 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

**C.**     **Paramount Action and Consent Judgment**

73.     Heller neither admits nor denies the allegations in Paragraph 73 of the Complaint and leaves Plaintiffs to their proofs. To the extent Paragraph 73 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leave Plaintiffs to their proofs.

74.     Heller neither admits nor denies the allegations in Paragraph 74 of the Complaint and leaves Plaintiffs to their proofs. To the extent Paragraph 74 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leave Plaintiffs to their proofs.

75.     Heller neither admits nor denies the allegations in Paragraph 75 of the Complaint and leaves Plaintiffs to their proofs. To the extent Paragraph 75 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

76.     Heller neither admits nor denies the allegations in Paragraph 76 of the Complaint and leaves Plaintiffs to their proofs. To the extent Paragraph 76 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leave Plaintiffs to their proofs.

77.     Heller neither admits nor denies the allegations in Paragraph 77 of the Complaint and leaves Plaintiffs to their proofs. To the extent Paragraph 77 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leave Plaintiffs to their proofs.

78.      Heller neither admits nor denies the allegations in Paragraph 78 of the Complaint and leaves Plaintiffs to their proofs. To the extent Paragraph 78 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leave Plaintiffs to their proofs.

79.      Heller neither admits nor denies the allegations in Paragraph 79 of the Complaint and leaves Plaintiffs to their proofs. To the extent Paragraph 79 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

**D.      Contempt in the Paramount Action and Discovering the Fraud**

80.      To the extent Plaintiffs allege in Paragraph 80 of the Complaint that Heller conducted a fraud, Heller denies this allegation and leave the Plaintiffs to their proofs. To the extent Paragraph 80 of the Complaint constitutes a legal conclusion, Heller neither admits nor denies and leaves Plaintiffs to their proofs.

81.      Heller neither admits nor denies the allegations in Paragraph 81 of the Complaint as it constitutes legal conclusions to which no response is required and leaves the Plaintiffs to their proofs.

82.      Heller neither admits nor deny the allegations in Paragraph 82 of the Complaint and leaves Plaintiffs to their proofs.

83.      Heller neither admits nor denies the allegations in Paragraph 83 of the Complaint as it constitutes legal conclusions to which no response is required and leaves the Plaintiffs to their proofs.

84.      Heller neither admits nor denies the allegations in Paragraph 84 of the Complaint and leaves Plaintiffs to their proofs.

85.       Heller neither admits nor denies the allegations in Paragraph 85 of the Complaint and leaves Plaintiffs to their proofs.

86.      Heller neither admits nor denies the allegations contained in Paragraph 86 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

87.      Heller neither admits nor denies the allegations contained in Paragraph 87 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

88.      Heller neither admits nor denies the allegations contained in Paragraph 88 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

89.      Heller neither admits nor denies the allegations in Paragraph 89 of the Complaint and leaves Plaintiffs to their proofs.

90.      Heller neither admits nor denies the allegations in Paragraph 90 of the Complaint and leaves Plaintiffs to their proofs.

91.      Heller neither admits nor denies the allegations in Paragraph 91 of the Complaint and leaves Plaintiffs to their proofs.

92.      Heller neither admits nor denies the allegations in Paragraph 92 of the Complaint and leaves Plaintiffs to their proofs.

93.      Heller neither admits nor denies the allegations in Paragraph 93 of the Complaint and leaves Plaintiffs to their proofs.

94.      Heller neither admits nor denies the allegations contained in Paragraph 94 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

95.    Heller neither admits nor denies the allegations contained in Paragraph 95 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

96.    Heller neither admits nor denies the allegations in Paragraph 96 of the Complaint and leaves Plaintiffs to their proofs.

97.    Heller neither admits nor denies the allegations in Paragraph 97 of the Complaint and leaves Plaintiffs to their proofs.

98.    Heller neither admits nor denies the allegations in Paragraph 98 of the Complaint and leaves Plaintiffs to their proofs.

99.    Heller neither admits nor denies the allegations contained in Paragraph 99 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs

100.    Heller neither admits nor denies the allegations contained in Paragraph 100 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs

101.    Heller neither admits nor denies the allegations contained in Paragraph 101 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs

102.    Heller neither admits nor denies the allegations contained in Paragraph 102 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs

103.    Heller neither admits nor denies the allegations contained in Paragraph 103 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs

104.    Heller neither admits nor denies the allegations contained in Paragraph 104 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs

105.    Heller neither admits nor denies the allegations contained in Paragraph 105 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs

106.    Heller neither admits nor denies the allegations contained in Paragraph 106 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

**E.      Heller Conveyances to Heller Capital**

107.    Heller neither admits nor denies the allegations in Paragraph 107 of the Complaint and leaves the Plaintiffs to their proofs.

108.    Heller neither admits nor denies the allegations in Paragraph 108 of the Complaint and leaves the Plaintiffs to their proofs.

109.    Heller neither admits nor denies the allegations in Paragraph 109 of the Complaint and leaves the Plaintiffs to their proofs.

110.    Heller neither admits nor denies the allegations in Paragraph 110 of the Complaint and leaves the Plaintiffs to their proofs.

111.    Heller neither admits nor denies the allegations contained in Paragraph 111 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

112.    Heller neither admits nor denies the allegations contained in Paragraph 112 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

113.    Heller neither admits nor denies the allegations contained in Paragraph 113 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

114.    Heller neither admits nor denies the allegations contained in Paragraph 114 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

## COUNT I - FRAUD IN THE INDUCEMENT
### Funds v. Daryl Heller

115.    Heller repeats and reincorporates by reference his responses to previous paragraphs as if set forth at length herein.

116.    Heller neither admits nor denies the allegations in Paragraph 116 of the Complaint and leaves the Plaintiffs to their proofs.

117.    Heller neither admits nor denies the allegations contained in Paragraph 117 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

118.    Heller neither admits nor denies the allegations contained in Paragraph 118 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

119.    Heller neither admits nor denies the allegations contained in Paragraph 119 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

120.    Heller neither admits nor denies the allegations contained in Paragraph 120 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

121.    Heller neither admits nor denies the allegations contained in Paragraph 121 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

122.    Heller neither admits nor denies the allegations contained in Paragraph 122 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

123.    Heller neither admits nor denies the allegations contained in Paragraph 123 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

124.    Heller neither admits nor denies the allegations contained in Paragraph 124 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

**WHEREFORE**, Heller demands the Complaint be dismissed with prejudice, attorneys' costs and fees, and other related relief.

## COUNT II - FRAUDULENT MISREPRESENTATION
### Funds v. Daryl Heller

125.    Heller repeats and reincorporates his responses to preceding paragraphs as if set forth at length herein

17

126.    Heller neither admits nor denies the allegations in Paragraph 126 of the Complaint and leaves the Plaintiffs to their proofs.

127.    Heller neither admits nor denies the allegations contained in Paragraph 127 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

128.    Heller neither admits nor denies the allegations contained in Paragraph 128 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

129.    Heller neither admits nor denies the allegations contained in Paragraph 129 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

130.    Heller neither admits nor denies the allegations contained in Paragraph 130 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

131.    Heller neither admits nor denies the allegations contained in Paragraph 131 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

132.    Heller neither admits nor denies the allegations contained in Paragraph 132 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

133.    Heller neither admits nor denies the allegations contained in Paragraph 133 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

18

134.    Heller neither admits nor denies the allegations contained in Paragraph 134 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

**WHEREFORE**, Heller demands the Complaint be dismissed with prejudice, attorneys' costs and fees, and other related relief.

## COUNT III - VOIDABLE TRANSACTIONS
### Funds v. Daryl Heller and Heller Capital

135.    Heller repeats and reincorporates his responses to preceding paragraphs as if set forth at length herein

136.    Heller neither admits nor denies the allegations in Paragraph 136 of the Complaint and leaves the Plaintiffs to their proofs.

137.    Heller neither admits nor denies the allegations contained in Paragraph 137 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

138.    Heller neither admits nor denies the allegations contained in Paragraph 138 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

139.    Heller neither admits nor denies the allegations contained in Paragraph 139 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

140.    Heller neither admits nor denies the allegations contained in Paragraph 140 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

141.    Heller neither admits nor denies the allegations contained in Paragraph 141 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

142.    Heller neither admits nor denies the allegations contained in Paragraph 142 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

143.    Heller neither admits nor denies the allegations contained in Paragraph 143 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

144.    Heller neither admits nor denies the allegations contained in Paragraph 144 of the Complaint as it constitutes legal conclusions to which no response is required and leaves Plaintiffs to their proofs.

**WHEREFORE**, Heller demands the Complaint be dismissed with prejudice, attorneys' costs and fees, and other related relief.

## AFFIRMATIVE DEFENSES

Heller will rely upon the following Affirmative Defenses, if applicable, and if established by facts during the course of discovery, if any. Heller does not assume any burden of proof that would otherwise rest on the Plaintiffs.

A.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

B.    Plaintiffs' Complaint are barred by laches, unclean hands, estoppel (including judicial and equitable estoppel), the law of the case doctrine, waiver, res judicata, and/or mootness.

C.    Plaintiffs' Complaint is barred by applicable statute of limitations.

D.    Plaintiffs' Complaint is barred because Heller lacked intent to defraud.

E.  Plaintiffs' claims are barred because Plaintiffs did not reasonably rely on the alleged misrepresentations.

F.  Plaintiffs' claims are barred due to Plaintiffs' own contributory conduct.

G.  Plaintiffs' claims are barred due to Plaintiffs' failure to exercise proper due diligence.

H.  Plaintiffs' claims are barred because they have failed to allege or establish actual damages.

I.  Plaintiffs' Complaint fails to satisfy all of the necessary requirements of the Pennsylvania Uniform Voidable Transactions Act, 12 Pa.C.S. §§ 5101–5114.

J.  Plaintiffs' Complaint fails to satisfy all of the necessary requirements of § 547(b).

K.  Plaintiffs' Complaint fails to satisfy all of the necessary requirements of § 548(a)(1)(B).

L.  The alleged transfers are protected from avoidance under § 547(c)(1).

M.  The alleged transfers are protected from avoidance under § 547(c)(2)(A).

N.  The alleged transfers are protected from avoidance under § 547(c)(2)(B).

O.  The alleged transfers are protected from avoidance under § 547(c)(4).

P.  The alleged transfers are protected from avoidance under § 547(c).

Q.  The alleged transfers were made while Heller was solvent.

R.  The alleged transfers are protected from avoidance under § 548(c).

S.  The alleged transfers are protected from avoidance under § 548(d).

T.  Heller was not the initial transferee, the immediate or mediate transferee of the initial transferee, or the person for whose benefit the alleged transfers were made.

U.  The alleged transfers were not a transfer of an interest of Heller in property.

21

V.      Heller denies each and every allegation of the Complaint not admitted or otherwise controverted or qualified and further denies that Plaintiffs are entitled to any relief whatsoever.

W.      If not already raised, Heller affirmatively sets forth all of the applicable defenses enumerated in Fed. R. Civ. P. 8(c) as made applicable by Fed. R. Bank. P. 7008.

**WHEREFORE**, Heller demands the Complaint be dismissed with prejudice, attorneys' costs and fees, and other related relief.

## COUNTERCLAIMS

145.    Heller repeats, re-alleges, and incorporate by reference each and every allegation, averment, response, denial, and affirmative defense set forth in paragraphs 1 through 144 of this Answer as if fully set forth herein. Heller further alleges, based on his personal knowledge as to his own actions and otherwise on information and belief, as follows:

## BACKGROUND FACTS

146.    Paramount and its affiliates,[2] Prestige Funds' investors, and Heller have suffered significant harm as a result of the actions and omissions of the Plaintiffs, giving rise to substantial counterclaims and affirmative defenses in this action.

147.    Over the past several years, Plaintiffs have egregiously siphoned excessive margin and misappropriated approximately $75,000,000 of the investment returns through the 'Management Funds' which were owned by the Plaintiffs and Heller. Rather than acting in the best interests of investors, Plaintiffs diverted these funds for their own benefit, depriving investors – many of whom lost substantial sums – of the returns they could have received. This conduct constitutes a clear breach of their fiduciary duties and unjustly enriched them, as Plaintiffs were obligated to manage assets for the benefit of investors, not for excessive personal gain.

---

[2] As referenced in paragraph 4 of the Complaint, Paramount and its affiliates are operating/ management companies that were engaged in the ATM/BTM business.

148.    In addition, Plaintiffs' misconduct has caused approximately $290,000,000 in damages to Paramount and its affiliates, and in turn to the Funds' investors, and Heller through a pattern of tortious interference, fiduciary disregard, and gross negligence.

149.    Despite repeated warnings of the risks, Plaintiffs engaged in actions, including the hiring of private investigators, initiating lawsuits, and orchestrating negative media campaigns, that created fear and uncertainty among Paramount and its affiliates' key customers, vendors, and employees.

150.    As a direct result, many long-standing customers with history of a ninety-five percent (95%) renewal rate terminated their agreements because of Plaintiffs' actions and out of fear of a hostile takeover of Paramount and its affiliates. Also, many acquisition partners/agents moved existing business to other ATM/BTM operators, and did not bring new business to Paramount/Affiliates due to these issues.

151.    Vendors critical to Paramount and its affiliates operations, such as Cash Connect, National Cash Register, Columbus Data Systems, and many others began to withhold or limit the cash supplied to ATMs, ultimately ceasing to supply cash altogether, or withholding surcharge and interchange revenues causing widespread ATM revenue losses or complete ATM shutdowns. This domino effect crippled Paramount and its affiliates cash flow, led to the loss of high-profile accounts, and further impaired the companies' reputation and business relationships. All these actions, with customers, vendors, acquisition partners/agents, were rooted in self-interest and disregard for Plaintiffs' fiduciary obligations, directly resulted in damages of approximately $290,000,000.

152.    Further compounding the harm, Plaintiffs demonstrated gross negligence and breached their fiduciary duties by selecting unqualified and incapable operators to manage

Paramount and its affiliates' ATM/BTM networks, following their takeover on or about November 2024, causing more than tens of millions of dollars in additional damage. To emphasize the point, Paramount and its affiliates completed approximately forty (40) acquisitions, where network conversions were generally completed within twenty-four (24) to forty-eight (48) hours.  The new operators and Plaintiffs – lacking experience, competence, and scale – took months to complete the conversion, resulting in operational failures and additional significant revenue losses.

153.    Moreover, Plaintiffs made the fatal mistake of pivoting from a group of persons, who they had negotiated with leading up to the November 2024 conversion of Paramount and its affiliates ATM/BTM network, who had the experience, knowledge, relationships, Independent ATM Deployer certification, and capability to convert and take over a network of this size and complexity. Plaintiffs also failed to partner with Heller and refused to even divulge the operator(s) they were retaining in days leading up to conversion or conducting joint calls and developing joint messaging/communication plans to assuage key customer and vendor concerns, which would have significantly mitigated losses of customers and vendors and maintained millions of dollars in revenue for payout to investors over the past few months.

154.    During this period, Plaintiffs focused on litigation and contempt proceedings rather than the urgent needs of converting the network and preserving revenue, further exacerbating the harm to investors. The loss of thousands of ATMs during this time, with remaining contract terms of multiple years, has resulted in a minimum of tens of millions of dollars of revenue loss over the remaining contract terms/auto renewal periods.

155.    Moreover, Plaintiffs have misappropriated investor money by diverting ATM revenue generated since on or about November 2024, to pay Plaintiffs' own legal fees and other unauthorized expenses, rather than using their personal funds, such as the $75,000,000 they had

taken in recent years as a result of investors' investments. Rather, Plaintiffs have utilized money they received since November to fund the attacks on Heller which should have been paid to investors. This unauthorized use of investor-generated revenue constitutes conversion and further breaches of their fiduciary duties, depriving investors of funds that should have been used to satisfy any amounts due and owed to them.

156.    Finally, Plaintiffs have engaged in a campaign of libel and slander against Paramount and its affiliates, its stakeholders including Heller, making false and damaging statements in the media and to third parties including sending letters to investors containing gross misinformation and misleading and inaccurate allegations. These actions further harmed the reputation of Heller and Paramount and its affiliates, as well as their business relationships, and standing in the industry.

157.    A manager of the Funds even tried to negotiate a $12,000,000 personal buyout with Heller on or about November 2024, meanwhile the ATM/BTM network was failing due to Plaintiffs' actions. While at the same time, said manager through his association with Plaintiffs, expressed to investors his sole responsibility and commitment was to provide investors with a return of their investments to make them whole.

158.    Another manager of the Funds conducted inappropriate and unauthorized payments to a third party, even after it was rejected by Heller on grounds it would have constituted breaches of the Securities and Exchange Commission's rules for payments/commissions paid to third parties.

159.    Managers of the Funds provided many gross misrepresentations in multiple letters to investors and also never acknowledged in court and public documents that there were thousands of monthly buybacks of ATMs from the Prestige Funds by Paramount and its affiliates over many

years. Rather than disclosing the actual ATM quantities purchased, less what they sold back to Paramount and its affiliates and the ATMs that had terminated as the unites were at the end of the six (6) to seven (7) year investment cycles, Fund managers intentionally mislead investors by only representing the alleged number of ATMs/BTMs purchased, not the net amount of ATMs/BTMs remaining. The number of ATM units that were still part of the program given the buyback and investment life cycle termination was materially less, and thus these statements were misleading and misrepresented facts Plaintiffs knew to be false.

160.    The Plaintiffs, who were managers of the Funds, failed to acknowledge they were also owners of the 'Management Funds' and falsely represented that Heller was the sole owner and decision maker of same. Moreover, Plaintiffs falsely stated and or misrepresented that Heller alone controlled all monthly financial reporting, disbursements, and directed allocations. Rather, a manager of the Funds, who was also president of Prestige, was in charge of all employees and instead was the person who made such administrative and managerial decisions at Prestige. It was the president of Prestige along with Prestige's Chief Financial Officer who approved monthly compensation reporting and wire that Prestige sent each month to managers of the Fund, not Heller.

161.    Managers of the Funds who have suggested they were given a 'gift' from Heller, and that he decided their compensation is a misrepresentation. There are extensive documented communications showing managers of the Funds actively negotiated their compensation and equity/distribution arrangements, which Heller at times objected to on grounds that in his opinion the compensation and equity/distribution arrangements was too hefty at the expense of investors and Paramount and its affiliates.

162.    Plaintiffs' main strategy and objective has been to litigate and depict Heller as being solely responsible for their claims against Paramount, in an effort to escape their own liability,

26

when in fact, they have contributed to their claims.

## COUNTERCLAIM ONE
### Breach of Fiduciary Duty
### (as to Plaintiffs)

163.    Heller repeats and re-alleges each and every allegation set forth above as if set forth herein at length.

164.    Plaintiffs owed a fiduciary duty to investors, including Heller, Paramount and its affiliates, including the duty to act in the best interests of the investors, avoid self-dealing, and manage assets prudently.

165.    Plaintiffs breached their fiduciary duties by misappropriating approximately $75,000,000 of funds for their own benefit, engaging in self-interested transactions, and failing to act with due care and loyalty to investors they recruited and brought into the ATM/BTM program.

166.    As a direct and proximate result of these breaches, investors and Paramount and its affiliates suffered substantial losses, including the loss of $75,00,000 in cash provided to Plaintiffs, $290,000,000 in additional losses related to customers, vendors, and acquisition partners/agents' losses, and tens of millions of dollars in losses for the failed ATM network conversion, which resulted in claims of approximately $400 million related to investment returns.

167.    The damages suffered by investors were a direct result of the Plaintiffs' breach of their fiduciary duties.

**WHEREFORE**, Heller respectfully requests the Court enter an Order:

(a)    Granting damages in an amount to be determined at trial;

(b)    Granting Heller attorneys' fees and costs of suit; and

(c)    Granting such other and further relief as the Court deems just and equitable.

## COUNTERCLAIM TWO
### Unjust Enrichment
### (as to Plaintiffs)

168.    Heller repeats and re-alleges each and every allegation set forth above as if set forth

herein at length.

169.    The Plaintiffs received $75,00,000 in cash that could have been appropriated to

investors.

170.    The Plaintiffs received multi millions of dollars since the November 2024 takeover

which should have been paid to investors, and instead Plaintiffs used to fund frivolous legal

actions.

171.    The Plaintiffs knowingly accepted and retained some of these funds for their own

personal benefit, rather than for the benefit of the investors.

172.    The investors did not confer this benefit gratuitously or officiously, rather the funds

were taken without full transparency and used for Plaintiffs' personal benefit.

173.    It would be unjust and inequitable for the Plaintiffs to retain the $75,00,000, and

the multi millions received since November 2024, which at minimum, should be partially

allocated to repayment of the investors.

**WHEREFORE**, Heller respectfully requests the Court enter an Order:

(a)     Granting damages in an amount to be determined at trial;

(b)     Granting Heller attorneys' fees and costs of suit; and

(c)     Granting such other and further relief as the Court deems just and equitable.

## COUNTERCLAIM THREE
### Tortious Interference with Contractual or Business Relations
### (as to Plaintiffs)

174.    Heller repeats and re-alleges each and every allegation set forth above as if set forth

herein at length.

175. Paramount and its affiliates had valid, ongoing contractual and business relationships with key customers and vendors.

176. Plaintiffs knew of these relationships and their critical importance to Paramount and its affiliates' business.

177. Plaintiffs intentionally interfered by hiring private investigators, initiating lawsuits with erroneous and egregious allegations, and orchestrating negative media campaigns, causing fear and uncertainty among customers and vendors and angst about a hostile takeover leading up to the November 2024 conversion.

178. As a direct result, customers terminated contracts and vendors withdrew essential services including, but not limited to, the supply of cash to ATMs.

179. Paramount and its affiliates, and in return Prestige investors including Heller, suffered substantial damages, including the loss of hundreds of millions of dollars in revenue and the impairment of its ability to operate.

180. These damages also negatively impacted Heller ability to pay other creditors.

**WHEREFORE**, Heller respectfully requests the Court enter an Order:

(a)  Granting damages in an amount to be determined at trial;

(b)  Granting Heller attorneys' fees and costs of suit; and

(c)  Granting such other and further relief as the Court deems just and equitable.

## COUNTERCLAIM FOUR
### Negligence
### (as to Plaintiffs)

181. Heller repeats and re-alleges each and every allegation set forth above as if set forth herein at length.

182.    Plaintiffs owed Paramount and its affiliates and Prestige investors, including

Heller, a duty to act with reasonable care in managing the business and selecting operators for the

ATM/BTM network.

183.    Plaintiffs breached this duty by selecting unqualified operators, ignoring warnings

about the risks, and prioritizing frivolous litigation over operational needs and revenue retention

and recovery.

184.    This breach directly caused Paramount and its affiliates operational failures,

including the failed conversion of the ATM network and loss of thousands of ATMs.

185.    Investors suffered tens of millions of dollars in damages due to lost revenue and

business disruption.

**WHEREFORE**, Heller respectfully requests the Court enter an Order:

(a)     Granting damages in an amount to be determined at trial;

(b)     Granting Heller attorneys' fees and costs of suit; and

(c)     Granting such other and further relief as the Court deems just and equitable.

## COUNTERCLAIM FIVE
### Defamation (Libel/Slander)
### (as to Plaintiffs)

186.    Heller repeats and re-alleges each and every allegation set forth above as if set forth

herein at length.

187.    Plaintiffs made false statements about Heller regarding Paramount and its affiliates

and stakeholders in media outlets, to third parties, and to investors in documented emails and text

including accusations of misconduct and mismanagement.

188.    These statements were widely disseminated and read by customers, vendors, and

the public.

189.    Plaintiffs either knew many of these statements were false or acted with reckless disregard for the truth.

190.    As a result, Heller suffered reputational harm, loss of business relationships, and significant economic damages thereby negatively impacting his ability to pay other creditors.

**WHEREFORE**, Heller respectfully requests the Court enter an Order:

(a)    Granting damages in an amount to be determined at trial;

(b)    Granting Heller attorneys' fees and costs of suit; and

(c)    Granting such other and further relief as the Court deems just and equitable.

**<u>COUNTERCLAIM SIX</u>**
**Misrepresentation (Fraudulent/ Intentional Misrepresentation)**
**(as to Plaintiffs)**

191.    Heller repeats and re-alleges each and every allegation set forth above as if set forth herein at length.

192.    Plaintiffs made material misrepresentations of presently existing or past fact(s) about Heller and Paramount and its affiliates and stakeholders, and to investors in documented emails and text including accusations of misconduct and mismanagement.

193.    Plaintiffs had the knowledge or belief of the falsity of these express and written statements.

194.    Plaintiffs' actions caused customers and vendors of Paramount and its affiliates to sever ties with the company, which they did in reasonable reliance on Plaintiffs' misrepresentations.

195.    As a result, Heller and Paramount and its affiliates and stakeholders suffered significant economic damages.

196.    This has negatively impacted Heller's ability to pay other creditors.

31

**WHEREFORE**, Heller respectfully requests the Court enter an Order:

(a)     Granting damages in an amount to be determined at trial;

(b)     Granting Heller attorneys' fees and costs of suit; and

(c)     Granting such other and further relief as the Court deems just and equitable.

## <u>COUNTERCLAIM SEVEN</u>
### Negligent Misrepresentation
### (as to Plaintiffs)

197.    Heller repeats and re-alleges each and every allegation set forth above as if set forth herein at length.

198.    Plaintiffs negligently made inaccurate or false statements of fact, without exercising reasonable care to determine its truth, about Heller and Paramount and its affiliates and stakeholders, and to investors in documented emails and text including accusations of misconduct and mismanagement.

199.    Plaintiffs should have expected customers and vendors of Paramount and its affiliates would have relied on these statements and severed business relations.

200.    Customers and vendors of Paramount and its affiliates did rely on these inaccurate or false statements and severed business relations with Paramount and its affiliates.

201.    As a result, investors, Heller, and Paramount and its affiliates and stakeholders suffered significant economic damages.

202.    This has negatively impacted Heller's ability to pay other creditors

**WHEREFORE**, Heller respectfully requests the Court enter an Order:

(a)     Granting damages in an amount to be determined at trial;

(b)     Granting Heller attorneys' fees and costs of suit; and

(c)     Granting such other and further relief as the Court deems just and equitable.

## RESERVATION OF RIGHTS

Heller hereby give notice that he intends to rely upon such other and further defenses as may become available or apparent during the discovery process in this action, and hereby reserves the right to amend his Answer to assert any such defenses. The assertion of the above defenses by Heller are not intended and should not be deemed or construed to alter or shift any burden of proof Plaintiffs may have in connection with the claims asserted in the Complaint.

Heller further reserves the right, at or before trial, to move to dismiss the Complaint and/or for Summary Judgment, on the ground that the Complaint fails to state a claim upon which relief can be granted and/or Heller is entitled to judgment as a matter of law, based on any and all of the above defenses.

Dated:   June 20, 2025

**McMANIMON, SCOTLAND & BAUMANN, LLC**
*Counsel to Daryl F. Heller, Chapter 11 Debtor*

By:  */s/ Sari B. Placona*
        Sari B. Placona