MS&B   McMANIMON · SCOTLAND · BAUMANN          75 Livingston Avenue, Roseland, NJ 07068  (973) 622-1800

**Sari B. Placona**
**Direct Dial:  973-721-5030**
splacona@msbnj.com
Client No. 35420-001

July 22, 2025

**Via ECF**
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Camden, New Jersey 08101

    Re:   **Daryl Fred Heller**
          **Chapter 11, Case No. 25-11354 (JNP)**

          **Prestige Fund A, LLC et al., v. Daryl Heller, et al.**
          **Adv. Pro. 25-1128 (JNP)**

Dear Judge Poslusny:

As Your Honor is aware, this firm represents Daryl Fred Heller, the Chapter 11 Debtor and Debtor-in-Possession (the "Debtor"), in the above captioned matter and as a Defendant in the adversary proceeding which was removed to this Court captioned as Prestige Fund A, LLC et al., v. Daryl Heller and Heller Capital Group, LLC, bearing Adv. Pro. 25-1128 (JNP) (the "Adversary Proceeding"). We write to respectfully request Your Honor hold a R. 26 conference since the Plaintiffs will not agree to settle a scheduling order and intend to file a motion to dismiss.

As Your Honor may recall, the Debtor has been attempting to serve four subpoenas in connection with the Adversary Proceeding and claims on the following individuals: David Zook, Jerry Hostetter, Joffrey Buck, and William Poole (collectively, the "Fund Managers") since May 2025. The subpoenas were initially withdrawn as they were served under Rule 2004 and then reissued as Rule 45 subpoenas since Your Honor ruled that any objection or motion to expunge claims of the Fund Managers should be consolidated with the Adversary Proceeding.

I emailed Mr. Kizner, Mr. Lemkin, and Mr. Voss (collectively, "Counsel") asking if they represented the Fund Managers and would accept service of the Rule 45 subpoenas to the Fund Managers. I never received a response.  The Debtor then proceeded to expend costs and time to serve the Fund Managers personally. Over the last week, I emailed Counsel regarding their demand for the Debtor to withdraw the subpoenas arguing that (i) the subpoenas were improper, (ii) were "premature since the pleadings are not closed," and (iii) a Rule 26 conference did not take place.

Honorable Jerrold N. Poslusny, Jr.
July 22, 2025
Page 2

     Counsel opposed my request to hold a Rule 26 conference since they anticipate filing a Motion to Dismiss the Debtor's counterclaims in the Adversary Proceeding. For reference, the Counterclaims were filed on June 20, 2025, and yet Counsel has not filed a motion to dismiss.  The subpoenas are critical to defend the Adversary Proceeding and to prosecute the Debtor's Counterclaims.  In addition, the subpoenas are relevant in connection with two pending settlements in which the Fund Managers oppose which is scheduled for a hearing on August 6, 2025. It is clear that the Fund Managers do not want to be deposed and are taking every tactical step to avoid such depositions.

     Accordingly, the Debtor respectfully requests Your Honor schedule a Fed. R. Civ. P. 26(f) conference.  Counsel for Heller Capital Group, LLC, a defendant in the Adversary Proceeding joins in this request.

     We thank the Court for its courtesies.

Respectfully,

/s/ Sari B. Placona

Sari B. Placona

4920-7230-0631, v. 1