

MARSHALL T. KIZNER
DIRECT DIAL NUMBER
609-219-7449
DIRECT FAX NUMBER
609-895-7395
E-MAIL
mkizner@stark-stark.com

July 22, 2025

***VIA ECF AND EMAIL***
Hon. Jerrold N. Poslusny, Jr.
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Courtroom 4C
Camden, NJ 08101

**Re:    Darly Fred Heller**
**Case No. 25-11354 (JNP)**

**Prestige Fund A, LLC et al. v. Heller et al**
**Adv. Proc. No. 25-01128 (JNP)**

Dear Poslusny:

My office is counsel to Prestige Funds. I am in receipt of Ms. Placona's letter dated July 22, 2025 ("Letter"). Prestige opposes the request to hold a Rule 26 conference on an expedited basis. As detailed in Prestige's pending Motion filed under Seal (ECF No. 383), Debtor his been engaged in baseless games serving improper and untimely third-party subpoenas for months.

This Letter is more of the same unfortunately. To be clear, Prestige is not trying to delay or frustrate any proceeding. The issue here is the Debtor:  third party subpoenas that were plainly invalid and illegal were sent to our office, along with a request to accept service of these subpoenas. Prestige pointed out that a Rule 26 conference must take place before subpoenas are issued and that conference takes place *after* the pleadings are closed. In this case, Debtor agreed that the responsive pleading deadline is August 1, 2025. Thus, the pleadings are *not* closed. Nonetheless, Prestige will be filing a pre-answer motion to dismiss and for related relief in short order.

A decision on that motion should significantly limit the issues to discuss at a Rule 26 conference. Prestige has suggested that the proper time to have a Rule 26 conference is after the pleadings have closed and Your Honor has ruled on the motion to dismiss. We believe this supports judicial economy and common sense. Nonetheless, Debtor—driven to annoy and harass third parties—seeks to force discovery where little to no discovery may be needed. This is evident by the desperate attempt to tie discovery in this adversary proceeding to the August 6th hearing on two settlement motions. The issues for the evidentiary hearing and this case are not even tangentially related.

In short, there are no grounds to compel an early Rule 26 conference. Further, the parties already have a case management conference with Your Honor on August 5th. At that time, the Court should address the concerns in the Letter and scheduling on the motion to dismiss. There is no need for any expedited relief.

Thank you for your attention to this matter.

Very truly yours,

STARK & STARK
A Professional Corporation

BY: /s/ *Marshall T. Kizner*
    MARSHALL T. KIZNER, ESQ.

MTK/cc
cc:    Sari Placona (via email and ECF)
       Heidi Sorvino (via ECF)
       Joseph Lemkin, Esq. (via email)
       Joshua Voss, Esq. (via email)