| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** | |
| **SAXTON & STUMP LLC** Joshua J. Voss, Esq. (*pro hac vice*) G. William Bartholomew, Esq. 280 Granite Run Drive, Suite 300 Lancaster, PA 17601 T: (717) 556-1000 E: jvoss@saxtonstump.com    wbartholomew@saxtonstump.com **STARK & STARK** Marshall T. Kizner, Esq. Joseph H. Lemkin, Esq. P.O. Box 5315 Princeton, NJ 08543-5315 T: 609-791-7022 E: jlemkin@stark-stark.com    mkizner@stark-stark.com *Counsel for Plaintiffs-Counterclaim Defendants Prestige Fund A, LLC, et al.* | |
| In re: DARYL FRED HELLER,                    Debtor. | Case No. 25-11354 (JNP) Chapter 11 |
| PRESTIGE FUND A, LLC, *et al.*,                    Plaintiffs, v. DARYL HELLER and HELLER CAPITAL GROUP, LLC,                    Defendants. | Adv. Pro. No. 25-01128 (JNP) |

**REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO DISMISS**
**DARYL HELLER'S COUNTERCLAIMS AND STRIKE PORTIONS OF HIS ANSWER**

Plaintiffs-Counterclaim Defendants Prestige Fund A, LLC; Prestige Fund A II, LLC; Prestige Fund A IV, LLC; Prestige Fund A V, LLC; Prestige Fund A VI, LLC; Prestige Fund A VII, LLC; Prestige Fund A IX, LLC; Prestige Fund B, LLC; Prestige Fund B II, LLC; Prestige Fund B IV, LLC; Prestige Fund B V, LLC; Prestige Fund B VI, LLC; Prestige Fund B VII, LLC; Prestige Fund B BTM I, LLC; Prestige Fund D, LLC; Prestige Fund D III, LLC; Prestige Fund D IV, LLC; Prestige Fund D V, LLC; Prestige Fund D VI, LLC; Prestige Fund D BTM I, LLC; WF Velocity I, LLC; WF Velocity Fund IV, LLC; WF Velocity Fund V, LLC; WF Velocity Fund VI, LLC; and WF Velocity Fund VII, LLC (collectively, the "Funds") respectfully submit this reply memorandum of law in further support of their motion for an Order:

(i) dismissing under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) the counterclaims in the Answer, Affirmative Defenses, and Counterclaims filed by Defendant-Counterclaim Plaintiff Daryl Heller;

(ii) striking Heller's answers to certain paragraphs of the Funds' Complaint and deeming those paragraphs admitted under Fed. R. Civ. P. 12(f); and

(iii) granting the Funds such other and further relief as this Court deems just and proper (the "Funds' Motion").

## ARGUMENT

Heller's opposition to the Funds' Motion (ECF No. 21, "Heller's Opposition") fails to seriously address the grounds for dismissing his Counterclaims set forth in the Funds' opening memorandum of law (ECF No. 20-2, "Opening Memorandum of Law"). Rather, Heller's Opposition only repeats the false and conclusory allegations in his Counterclaims and summarily declares that claims have therefore been stated against the Funds. The federal pleading standard is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statement, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claimant like Heller, armed with nothing more than conclusions, is not entitled to "unlock the doors of discovery." *Id.* The fact that Heller's Opposition is bereft of any colorable argument for sustaining his Counterclaims only crystallizes what the Funds pointed out in their Opening Memorandum of Law: Heller's Counterclaims lack any merit and appear to have been asserted solely for the purpose of harassing the Funds and serving as legal cover for Heller to provide false information to the media. The Funds respectfully submit that this Court should not permit Heller to continue his frivolous litigation against the Funds. His Counterclaims should be dismissed with prejudice.

In addition, Heller fails to set forth any colorable argument for why the deficient paragraphs in his Answer should not be struck and deemed admitted. Heller's failure to answer certain paragraphs of the Funds' Complaint in accordance with the requirements of Fed. R. Civ. P. 8 entitles this Court to deem those deficient paragraphs of his Answer to be admissions. Heller's obfuscation in this case is consistent with his evasive and improper conduct throughout this bankruptcy proceeding. He should face consequences for his dilatory and bad faith tactics. In addition to dismissing Heller's Counterclaims, this Court should deem the deficient paragraphs of Heller's Answer to be admissions.

### A.      Heller's Breach of Fiduciary Duty Claim Must Be Dismissed

For reasons set forth in the Funds' Opening Memorandum of Law, Heller's breach of fiduciary duty claim against the Funds fails as a matter of law. Heller is not and never was a member of any of the Funds. He has not pled any other facts establishing a fiduciary duty running from the Funds to him. Furthermore, Heller repeatedly claims that unspecified "investors" were damaged by the Funds' purported breach of fiduciary duty. (*See* ECF No. 10

¶¶ 147, 148, 155, 166-67; *see also* ECF No. 21 ("Plaintiffs' self-dealing, misappropriation of assets, and failure to act in Paramount's best interests caused direct harm to the company, giving rise to derivative claims that Heller is entitled to pursue.")). Accordingly, Heller's breach of fiduciary duty claim is a derivative rather than direct claim. *See Tooley v. Donaldson, Lufkin, & Jenrette, Inc.*, 845 A.2d 1031, 1039 (Del. 2004); 15 Pa.C.S. § 8881(b). Because Heller was not, and does not even allege that he was, a member, manager, or assignee of the Funds at any time, he is not authorized to bring a derivative claim under the applicable Pennsylvania or Delaware statutes. *See* 6 Del.C. § 18-1002; 15 Pa.C.S. § 8883. Moreover, even if Heller was authorized to bring a derivative claim (which he is not), the Funds would not be proper defendants. Under Pennsylvania and Delaware law, a derivative claim is brought on behalf of a limited liability company, not against one. *See* 6 Del.C. § 18-1001; 15 Pa.C.S. § 8883. Therefore, on top of all other deficiencies fatal to his breach of fiduciary duty claim, Heller has sued the wrong parties.

Heller attempts to obfuscate the fatal legal deficiencies of his Counterclaims by peppering his Opposition with false and wholly unsupported factual allegations. These many falsehoods will be addressed at the appropriate juncture. With respect to Heller's argument for why the Funds owe a fiduciary duty to him individually, Heller offers the following:

> Plaintiffs, either in their corporate capacities or through the managers of the Fund, owed a fiduciary duty to Paramount [Management Group, LLC ("Paramount")] and its affiliates, either as managing investor funds, soliciting investments, or controlling or advising on asset deployment.  In turn, with Plaintiffs owing fiduciary duties to Paramount and its affiliates, the Plaintiffs owed said fiduciary duties to Heller as Paramount was a "Heller-controlled company."

(ECF No. 21 ¶ 3). In other words, Heller claims that a fiduciary duty ran from the Funds, through Paramount (and possibly also "through the managers of the Fund[s]"), to Heller individually. Critically, Heller's Counterclaims are fully devoid of any factual allegations supporting this novel legal theory. This is because there are no such facts. Indeed, Heller even fails to plead <u>any</u>

facts setting forth his relationship to Paramount and Paramount's relationship to the Funds. Heller has therefore failed to meet his burden to plausibly plead the existence of a fiduciary duty running from the Funds to him. *See, e.g.*, *Health Robotics, LLC v. Bennet*, No. 09-cv-0627, 2009 WL 5033966, at *3 (E.D. Pa. Dec. 22, 2009) (holding that plaintiffs' complaint fails to sufficiently plead the existence of a fiduciary duty where it just "moves point by point through the elements of the cause of action" and does not "provide any context or facts" establishing the existence of a fiduciary duty). Furthermore, Heller offers no legal authority supporting his attenuated theory that a fiduciary duty ran from the Funds through Paramount (and possibly other entities) to him individually.

Heller's Opposition does nothing to advance his position that the Funds owe a fiduciary duty to him personally. It also wholly fails to address the other grounds for dismissing his breach of fiduciary duty claim: (1) that he does not meet the statutory requirements to bring a derivative claim against the Funds under either Delaware or Pennsylvania law, and (2) the Funds are not proper defendants to his purported derivative claims. For these reasons, and others set forth in the Funds' Opening Memorandum of Law, Heller's breach of fiduciary duty claim must be dismissed with prejudice.

### B.    Heller's Unjust Enrichment Claim Must Be Dismissed

The Funds point out in their Opening Memorandum of Law that Heller's unjust enrichment claim fails as a matter of law for the simple reason that he does not identify any benefit that he conferred on the Funds, which is a necessary element of the claim. *See Snyder v. Farnam Cos., Inc.*, 792 F. Supp. 2d 712, 724 (D.N.J. 2011) ("[A] plaintiff must confer a benefit on the defendant to support an unjust enrichment claim."). Desperate to salvage his unjust enrichment claim, Heller resorts to grossly misrepresenting New Jersey caselaw to argue that "a

plaintiff need not personally or voluntarily confer a benefit to sustain an unjust enrichment claim." (ECF No. 21 ¶ 9).

The case Heller cites, *Thieme v. Aucoin-Thieme*, 227 N.J. 269 (2016), in no way stands for that proposition. *Thieme* was a divorce case concerning whether the claimant-wife, Aucoin-Thieme, was entitled on equitable grounds to a portion of a $2.25 million bonus that her ex-husband, Thieme, earned during the period prior to their brief marriage when they cohabitated and Aucoin-Thieme gave up her career to maintain their home and take care of their daughter. *Id.* at 287-93. Far from holding that an unjust enrichment plaintiff need not show that he or she conferred a benefit upon the defendant, the court in *Thieme* explained that unjust enrichment "requires that plaintiff show that it expected remuneration from the defendant <u>at the time it performed or conferred a benefit on defendant</u> and that the failure of remuneration enriched defendant beyond its contractual rights." *Id.* at 288 (emphasis supplied) (citations omitted). The court held that Aucoin-Thieme was entitled to a share of Thieme's bonus on an unjust enrichment theory of recovery in view of Aucoin-Thieme's contributions to their household and family to support Thieme's career. *Id.* at 291-92.

Accordingly, *Thieme* is only another example of the requirement under New Jersey law that to maintain an unjust enrichment claim, the plaintiff must at minimum establish that it conferred a benefit on the defendant. Even after being alerted to this deficiency in his pleading, Heller does nothing to correct it in his Opposition. Accordingly, his unjust enrichment claim must be dismissed with prejudice.

## C.   Heller's Tortious Interference Claim Must Be Dismissed

Heller's Opposition fails to substantively address the Funds' arguments for dismissal of his tortious interference claim set forth in their Opening Memorandum of Law. Heller still fails

to identify any contract or prospective business relationship to which he, personally, was a party that was allegedly interfered with by the Funds. *See Diversified Indus., Inc. v. Vinyl Trends, Inc.*, C.A. No. 13-6194, 2014 WL 1767471, at *5 (D.N.J. May 1, 2014) (granting motion to dismiss tortious interference counterclaim where defendant failed "to identify any actual contract or customer affected by Plaintiff's alleged misconduct"). He still fails to claim that any alleged loss was suffered by him, personally, rather than "Paramount and its affiliates." (*See* ECF No. 21 ¶ 12); *see also See Pepe v. Gen. Motors Acceptance Corp.*, 604 A.2d 194, 196 (N.J. Super. Ct. App. Div. 1992) ("The law is clear and uniform: shareholders cannot sue for injuries arising from the diminution in value of their shareholdings resulting from wrongs allegedly done to their corporations."). Moreover, Heller's Opposition only doubles-down on his assertion that the Funds engaged in "baseless litigation, media manipulation, and frivolous spending on private investigators." (*See* ECF No. 21 ¶ 12). Aside from these accusations being factually wrong, none of this alleged conduct is tortious or illegal in its own right, and none of it rises to the level of "malicious" conduct needed to sustain a tortious interference claim. Thus, Heller's tortious interference claim must also be dismissed with prejudice.

### D.    Heller's Negligence Claim Must Be Dismissed

Heller's negligence claim must be dismissed because, as noted above and in the Funds' Opening Memorandum of Law, he has failed to plead any facts showing a fiduciary duty running from the Funds to him. Heller's Opposition is devoid of any argument in favor of sustaining his negligence claim. Rather, he just recites the elements of a negligence claim and concludes that he has met them. (ECF No. 21 ¶ 15). This is not sufficient to sustain a claim. *See Iqbal*, 556 U.S. at 678. Accordingly, Heller's negligence claim must be dismissed.

### E.      Heller's Defamation Claim Must Be Dismissed

Heller's defamation claim must be dismissed because he fails to identify any specific alleged defamatory statements. *See, e.g.*, *Trainor v. McGibney*, C.A. No. 2:24-08873, 2025 WL 1207595, at *3 (D.N.J. Apr. 25, 2025) (dismissing defamation claim were "Plaintiffs do not specify what the actual statements were, when they were made, or what type of behavior was referred to in the statements"). Heller's Opposition does not correct the lack of specificity in his Counterclaims. Instead, Heller submits that his vague allusions to statements "widely disseminated and read by customers, vendors and the public" is sufficient to sustain his defamation claim. (ECF No. 21 ¶18). This is not so. *See Kerrigan v. Otsuka America Pharm., Inc.*, C.A. No. 12-4346, 2012 WL 5380663, at *5 (E.D. Pa. Nov. 1, 2012) (citing to New Jersey and Pennsylvania law and holding that the "conclusory allegations are insufficient as a matter of law, regardless of which state's law is applied, because it does not specifically identify any defamatory statements or the circumstances of the publication of that statement"). Therefore, Heller's defamation claim must be dismissed with prejudice.

### F.      Heller's Intentional and Negligent Misrepresentation Claims Must Be Dismissed

Heller's intentional and negligent misrepresentation claims fail because Heller alleges that some unidentified third party – not Heller – relied on the Funds' purported misrepresentations – ostensibly to Heller's detriment.  *See, e.g.*, *Tulp v. Educational Comm'n for Foreign Med. Graduates*, 376 F. Supp. 3d 531, 544 (E.D. Pa. 2019) (dismissing negligent misrepresentation claim because "the Complaint … does not allege that Plaintiff, as opposed to some other party, relied on those purportedly false representations"). In his Opposition, Heller only confirms that his negligent misrepresentation claim is based on alleged statements made to and relied upon by others – not him. (*See* ECF No. 21 ¶ 22 ("Plaintiffs made false statements

with knowledge or negligence, intending to influence third parties, who relied on those

statements to the detriment of Heller and Paramount and its affiliates.")).

Furthermore, to the extent Heller bases his claim on purported fraudulent

misrepresentations, he fails to meet the particularity requirements of Fed. R. Civ. P. 9(b). Simply

alleging that "statements were made in emails, texts, and media outlets communicated to

investors, customers, and vendors" (*see* ECF No. 21 ¶ 21) does not come close to satisfying these

requirements. *See Loduca v. WellPet LLC*, 549 F. Supp. 3d 391, 401 (E.D. Pa. 2021) ("Rule

9(b)'s particularity requirement requires a plaintiff to allege all of the essential factual

background that would accompany the first paragraph of any newspaper story – that is, the who,

what, when, where and how of the events at issue." (citation and internal quotation marks

omitted)). Therefore, Heller's intentional and negligent misrepresentation claims must be

dismissed with prejudice.

### G.    Heller's Deficient Answers Should Be Struck and the Corresponding Paragraphs of the Funds' Complaint Deemed Admitted

Heller's Opposition fails to muster any coherent argument against striking his deficient

paragraphs of his Answer to the Funds' Complaint. Instead, Heller again resorts to grossly

misrepresenting caselaw. In seeking to defend the paragraphs of his Answer stating that he

"neither admits nor denies the allegations … and leaves Plaintiffs to their proofs," Heller

suggests that the court in *Callaremi Lincoln-Mercury, Inc. v. Picon Auto Group LLC*, No. 17-cv-

6819, 2018 WL 5342721 (D.N.J. Oct. 29, 2018) "upheld denials using nearly identical phrasing

and rejected a motion to strike them." (ECF No. 21 ¶ 25). This is an outright misrepresentation of

the holding in *Callaremi*. The challenged answers in that case stated "Defendant denies

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and leaves Plaintiff to its proofs." *Id.* at *2. This can be a permissible answer. *See*

Fed. R. Civ. P. 8(b)(5). However, this is <u>not</u> what Heller pleaded for 55 of the 144 paragraphs of his Answer. The law is crystal clear that an answer of "'neither admits nor denies and plaintiff is left to its proofs' is not sufficient for a denial and thus constitutes an admission." *United States v. Cusaac*, No. CIV. 06-1231 (JBS), 2008 WL 4792682, at *2 (D.N.J. Oct. 30, 2008); *see also* Denial Must Meet Substance of Allegation Denied, 5 Fed. Prac. & Proc. Civ. § 1264 (4th ed.) ("Answers that neither admit nor deny by simply demand proof of the plaintiff's allegations . . . are insufficient to constitute a denial."). At minimum, the 55 paragraphs of Heller's Answer pleading that he "neither admits nor denies the allegations … and leaves Plaintiffs to their proofs" should be deemed admissions.

Heller's argument that his deficient answers should actually be regarded as pleading that he "lacks knowledge or information sufficient to form a belief about the truth of the allegation" under Fed. R Civ. P. 8(b)(5) is wholly deficient of any support and flies in the face of the requirement that a party claiming lack of knowledge or information "must so state." Moreover, a party "may not assert a lack of knowledge or information if the necessary facts or data involved are within his knowledge or easily brought within his knowledge," and such denials for lack of knowledge will be deemed admitted. *See Madjar v. N.J. Dep't of Corr.*, Civ. No. 92-5265, 1993 WL 152066, at *5 (D.N.J. Apr. 5, 1993). Heller pleaded that he "neither admits nor denies" basic facts about his business, including where he conducts business (ECF No. 3-1 ¶ 36); the location of Heller Capital Group, LLC's office (*id.* ¶ 37); and when he began his business in the ATM marketplace (*id.* ¶ 42). Accordingly, even if Heller had pleaded that he lacks knowledge or information about these allegations, such answers would still be improper, made in bad faith, and must be deemed admissions.

Heller attempts to downplay his deficient answers by claiming the Funds just have stylistic quibbles and are not actually prejudiced. This is not the case. The Funds are entitled to know Heller's position on the allegations in the Complaint and to rely upon his answers in prosecuting their claims. Furthermore, the two cases cited by Heller – *FTC v. Hope Now Modifications, LLC*, Civil No. 09-1204, 2011 WL 883202 (D.N.J. Mar. 10, 2011) and *Tonka Corp. v. Rose Art. Indus., Inc.*, 836 F. Supp. 200 (D.N.J. 1993) – both concerned the standard to be applied in reviewing a motion to strike affirmative defenses, not answers. The quote that Heller attributes to *Hope Now Modifications* in paragraph 29 of his Opposition also appears nowhere in that case. Accordingly, Heller's Opposition does not set forth any meritorious arguments for denying the relief sought in the Funds' Motion. Heller's Counterclaims must be dismissed and the deficient paragraphs of his Answer struck and deemed admissions.

### H.    Heller's Factual Allegations Are Irrelevant, Unsworn, and Should Be Ignored

Heller's Opposition is peppered with wholly unverified and unsupported factual allegations. He even devotes the entire final section of his Opposition to factual averments. For the avoidance of any doubt, the Funds do not concede the accuracy of any of Heller's factual allegations and vigorously dispute them. Heller's factual allegations are unsworn and unsupported by any evidence submitted with his Opposition. The Funds suspect that these factual averments were included for the sole purpose of providing Heller with legal cover to transmit falsehoods to the media. They are wholly inappropriate to an opposition to a motion under Fed. R Civ. P. 12 and should be ignored by this Court. The Funds will address Heller's false factual allegations and generally evasive and inappropriate conduct throughout this litigation at the appropriate juncture.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, and those set forth in the Funds' Opening

Memorandum of Law, the Funds respectfully request that this Court enter an Order (i) dismissing

Heller's Counterclaims in their entirety pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6); (ii)

striking Heller's answers to paragraphs 11-37, 39, 42-54, 67-69, 82, 84-85, 89-93, 96-98, 107-

110, 116-119, 126-129, 136, and 140-141 of the Funds' Complaint and deeming those paragraphs

of the Complaint to be admitted pursuant to Fed. R. Civ. P. 12(f); and (iii) granting the Funds

such other and further relief as this Court deems just and proper.


Respectfully submitted,

**SAXTON & STUMP LLC**


Dated: August 22, 2025 By: */s/ G. William Bartholomew, Esq.*
Joshua J. Voss (*pro hac vice*)
G. William Bartholomew, Esq.
280 Granite Run Drive, Suite 300
Lancaster, PA 17601
T: (717) 556-1000
E: jvoss@saxtonstump.com
  wbartholomew@saxtonstump.com

**STARK & STARK**
Marshall T. Kizner, Esq.
Joseph H. Lemkin, Esq.
P.O. Box 5315
Princeton, NJ 08543-5315
T: 609-791-7022
E: jlemkin@stark-stark.com
  mkizner@stark-stark.com

*Counsel for Plaintiffs-Counterclaim*
*Defendants Prestige Fund A, LLC, et al.*